IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Matthew Vassil, individually and by and through his parents, Joyce Vassil and Anthony Vassil,<br><br>    Plaintiffs,<br><br>v.<br><br>Glenbard Township High School District #87, and Michael Meissen, sued in his official capacity as Superintendent of the School District, and Dr. Christopher Koch, its Superintendent, sued in his official capacity, and ILLINOIS STATE BOARD OF EDUCATION,<br><br>    Defendants. | Case No. 08 C 1056<br>Judge Kennelly<br>Magistrate Judge Ashman |

**ANSWER TO COMPLAINT AND COUNTERCLAIM OF GLENBARD TOWNSHIP HIGH SCHOOL DISTRICT 87 AND MICHAEL MEISSEN**

NOW COME Defendants Glenbard Township High School District 87 and Michael Meissen, Superintendent ("Defendants"), by their attorneys, Franczek Sullivan P.C., and in answer to Plaintiffs' Complaint state as follows:

## COUNT I

**INTRODUCTION**

**Allegation No. 1.:** Plaintiffs, a student with disabilities and his parents, seek relief under the Individuals with Disabilities Education Improvement Act of 2004 (Public Law 108-446 ("IDEIA"), 20 U.S. Section 1400 *et seq.*, and the Illinois School Code for violations of their right to a free, appropriate public education. Plaintiffs appeal from an administrative, due process decision concerning Matthew Vassil's special education that was rendered on October 25, 2005 by Impartial Hearing Officer Judge Julia Quinn Dempsey after a three-day hearing. Her due process decision is attached and incorporated herein as Exhibit A.

**ANSWER:** Defendants admit the allegations of Paragraph 1 except they deny that Plaintiffs' right to a free appropriate public education ("FAPE") was violated. In further answer to said Paragraph, Defendants state that Plaintiffs sought clarification of

1

the administrative due process decision and that said clarification was issued on November 3, 2007.

## JURISDICTION AND VENUE

**Allegation No. 2.:**   This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 20 U.S.C. 1415(i)(2).

**ANSWER:**   Defendants admit the allegations of Paragraph 2.

**Allegation No. 3.:**   Venue is properly situated in this Court because the acts complained of occurred in and the parties reside in or do business in the Northern District of Illinois.

**ANSWER:**   Defendants admit the allegations of Paragraph 3.

## PARTIES

**Allegation No. 4.:**   Matthew Vassil is a 19-year-old student with special needs. Matthew is a attending a transition program known as PACE that is affiliated with National Louis University. He is a child with a disability within the meaning of the IDEIA, and Illinois law.

**ANSWER:**   Defendants admit the allegations of Paragraph 4.

**Allegation No. 5.:**   Joyce Vassil and Anthony Vassil are Matthew's mother and father. They are U.S. citizens and reside in Glen Ellyn within the boundaries and jurisdiction of defendant's school district.

**ANSWER:**   Defendants admit the allegations of Paragraph 5.

**Allegation No. 6.:**   Glenbard Township High School District #87 ("District 87") is the body politic providing regular education, special education and related services to children who reside within district boundaries, and the Board of Education of Glenbard Township High School District 87 is its governing board. Mr. Michael Meissen is the Superintendent of District 87. He is sued in his official capacity.

**ANSWER:**   Defendants admit the allegations of Paragraph 6.

**Allegation No. 7.:**   Defendants receive federal funds under the IDEIA and are bound by its requirements.

**ANSWER:**   Defendants admit the allegations of Paragraph 7.

## STATUTORY ENTITLEMENT

**Allegation No. 8.:** Plaintiffs challenge the individualized education program ("IEP") drafted by School District 87, and Plaintiffs filed their demand for due process to challenge his special education programming on or about August 2, 2007.

**ANSWER:** Defendants admit the allegations of Paragraph 8.

**Allegation No. 9.:** The IDEIA and its implementing regulations entitle all children with disabilities in the United States to a free, appropriate public education ("FAPE"), including instruction that is individually tailored to meet the child's special needs. 34 C.F.R. 300.13. Once the child's needs are determined, the school district staff and the child's parents form a team to draft the child's "Individualized Education Program ("IEP"). Membership on the IEP team is prescribed by law and implementing regulations.

**ANSWER:** Defendants admit the allegations of Paragraph 9 except they deny any inference in

said Paragraph that the IEP team does not determine a child's needs.

**Allegation No. 10.:** The IDEIA and Illinois law regulate the content and process of drafting the IEP. The IEP must include a statement of how the child's progress toward annual goals will be measured, and how parents will be informed of the child's progress toward those annual goals and whether that progress is sufficient to enable the child to achieve those annual goals by the end of the year. The IEP must be in effect at the beginning of each school year, and is the formal, written offer of services to parents.

**ANSWER:** Defendants admit the allegations of Paragraph 10 except they deny any inference

in Paragraph 10 that a child's progress is determined when the IEP is first written.

**Allegation No. 11.:** The law also requires that the IEP include transition plans for students over the age of 14 1/2 with "appropriate measurable post-secondary goals." 20 U.S.C. sec. 1414(d)(l)(i) (VIII). The law further requires districts to provide transition services that are based upon "age appropriate transition assessments" 20 U.S.C. sec. 1414(d)(l)(i)(VIII).

**ANSWER:** Defendants admit the allegations of Paragraph 11.

**Allegation No. 12.:** The transition plan is a prime part of an IEP and the focus of the IEP for students over the age of 14 ½.

**ANSWER:** Defendants deny the allegations of Paragraph 12.

**Allegation No. 13.:** The IEP also must provide "related services" as needed by the child with disabilities to benefit from his special education.

**ANSWER:**   Defendants deny the allegations of Paragraph 13.

**Allegation No. 14.:**   The IDEIA and Illinois law provide parents and school districts the right to request an impartial due process hearing if they disagree about any matter related to the identification, evaluation, or educational placement of the child, or the provision of FAPE to the child.  20 U.S.C. 1415(b)(6), (d)(2)(j) and (i)(2).  The Illinois School Code and the Illinois Administrative Code establish the procedures for due process hearings.  105 ILCS 5/14-8.02a(g).  Any party aggrieved by the final written decision of the hearing officer has the right to commence a civil action with respect to the issues presented at hearing within 120 days after a copy of the decision is mailed to the party. 105 ILCS 5/14-8.02a(i).  Filing of this appeal is timely.

**ANSWER:**   Defendants admit the allegations of Paragraph 14.

## FACTS

**Allegation No. 15.:**   Matthew is a student with special needs under the eligibility of learning disability and speech and language impairment.

**ANSWER:**   Defendants admit the allegations of Paragraph 15.

**Allegation No. 16.:**   Matthew attended 4 years of high school at Glenbard West High School in Glen Ellyn, Illinois.  He did not graduate in 2007 and was found eligible to continue receiving special education services because of his need for additional education and support to make a successful transition to adult life.

**ANSWER:**   Defendants admit the allegations of Paragraph 16.

**Allegation No. 17.:**   He received his first and only formal assessment at the school for purposes of transition in late 2007.  This assessment is known as a Functional Vocational Assessment.

**ANSWER:**   Defendants deny the allegations of Paragraph 17.

**Allegation No. 18.:**   His IEP failed to include goals for transition as required under IDEIA.

**ANSWER:**   Defendants deny the allegations of Paragraph 18.

**Allegation No. 19.:**   His IEP failed to address vital areas of transition need including but not limited self-advocacy and self-determination and economic self-sufficiency.

**ANSWER:**   Defendants deny the allegations of Paragraph 19.

**Allegation No. 20.:**   The IEP failed to provide Matthew with a program that had any research basis or was shown to have efficacy to provide a functional life outcome for this student.

The school's proposal was for him to attend the CONDO program that is an apartment that children students learn life skills. The staff readily admitted that Matt was not appropriate for this program but subsequently recommended this inappropriate program for him.

**ANSWER:** Defendants deny the allegations of Paragraph 20.

**Allegation No. 21.:** IDEIA also requires that special education programs are to be based upon peer-reviewed research to produce the viable outcomes discussed above. 20 U.S.C. sec. 1414(d)(l)(A)(i){IV). The district's transition programming is not based upon any research at all. At a minimum, the district should have some substantial basis to believe that its programming is producing effective outcomes for its students. The testimony at hearing bore out that the district had almost no idea of the effectiveness of its programming; to the extent it had any data, it showed that its programming was not effective for many of its graduates who have participated in the CONDO transition programming.

**ANSWER:** Defendants deny the allegations of Paragraph 21.

**Allegation No. 22.:** Transition planning is specifically intended to move a student from enjoying the supports of an IEP to a life that allows for "full participation, independent living, and economic self sufficiency" 20 U.S.C. sec 1400(c)(l)." The regulations define transition planning as part of **"results-oriented process** that is focused on improving the academic and functional achievement of the child with a disability to facilitate the child's movement from school to post school activities, including post secondary education, vocational education, integrated employment..."

**ANSWER:** Defendants deny the allegations of Paragraph 22 except they admit that the

regulation for the definition of transition services – not transition planning –

includes the quotation found in said Paragraph.

**Allegation No. 23.:** Matthew's parents filed a due process demand on August 2, 2007, and the hearing officer was appointed on August 10, 2007. The case went to hearing on October 2, 4 and 5, 2007.

**ANSWER:** Defendants admit the allegations of Paragraph 23.

**Allegation No. 24.:** Matthew and his parents at the hearing sought placement for Matthew at a residential program known as PACE which is a research based transition program affiliated with the teaching university National Louis. They also sought reimbursement for out of pocket expenses and compensatory education for periods that Matthew did not receive a Free Appropriate Public Education mandated in IDEIA.

**ANSWER:**   Defendants admit the allegations of Paragraph 24 except they deny that PACE is a research based transition program or that did Matthew did not a receive a FAPE.

**Allegation No. 25.:**   The Hearing Officer rendered her decision on October 25, 2007 ruling for Plaintiffs in so far as she awarded $8,000 for part of the PACE tuition and ordered a new IEP to be created among other orders. (See decision and order attached as Exhibit A). Plaintiffs timely filed this action appealing that decision.

**ANSWER:**   Defendants admit the allegations of Paragraph 25, except Defendants state that Plaintiffs received <u>de minimus</u> relief from the Hearing Officer.

## GROUNDS FOR REVERSAL

**Allegation No. 26.:**   The hearing officer's decision is contrary to the manifest weight of the evidence and is based upon findings that demonstrate error that ignore, distort, or fail to give due weight to substantial credible evidence from the school staff and the Plaintiffs' other witnesses, who were knowledgeable about Matthew's needs, while accepting evidence that is not credible. The hearing officer committed reversible error as follows:

a.   She failed to make any factual or legal findings to support her conclusory statement that the 2006-2007 IEP was appropriate;

b.   She erred when she found that the student did not need PACE to meet his transition goals;

c.   She erred when she concluded that the school district could fashion an appropriate program to meet his needs when all of the evidence showed that the district did not have knowledge or experience to offer a legally sufficient program to meet this student's needs;

d.   She erred when she denied the parents claim for compensatory education as this finding is against the manifest weight of the evidence showed that he has not received an appropriate program during the 2006-2007 and 2007-2008 school year up to the date of the hearing;

e.   She erred when she denied the parents claim for reimbursement as this finding is against the manifest weight of the evidence showed that he has not received an appropriate program during the 2006-2007 and 2007-2008 school year up to the date of the hearing requiring the parents to lay out monies which were rightfully the responsibility of the school district.

f.   She erred when she denied the parents claim for room and board and tuition at PACE for the entire 2007-2008 school (less the tuition ordered in the decision) as this finding is against the manifest weight of the evidence.

6

    g.    She erred when she failed to make a finding that the school's IEP and programming were insufficient since they lacked any research basis and have not shown any efficacy in transitioning students to economic self sufficiency and real life outcomes that is one of the primary obligations under IDEIA.

    h.    She erred when she failed to find that the IEP and programs were insufficient when the school district failed to conduct an "assessment" as defined under the law, and when it did it failed to appropriately implement the findings of that report.

**ANSWER:** Defendants deny the allegations of Paragraph 26. In further answer to said Paragraph, Defendants state that the hearing officer did indeed commit reversible errors but those errors were made in favor not against Plaintiffs.

### (Note: Paragraph numbering skips from 26 to 29)

**Allegation No. 29.:** The due process decision should be overturned (with the exception of the reimbursement for $8,000) because of the foregoing legal errors that the hearing officer committed in reaching her decision.

**ANSWER:** Defendants deny the allegations of Paragraph 27. In further answer to said Paragraph, Defendants state that those parts of the due process decision that were in favor of Plaintiffs should be overturned.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs on Count I of the Complaint.

### COUNT II

**Allegation Nos. 1-29.:** Plaintiffs repeat and reallege paragraphs 1-29 of Count I as and for their paragraphs 1-30 of Count II as if full set forth herein.

**ANSWER:** As their answers to Paragraphs 1-29 inclusive of Count II, excluding Paragraphs 27 and 28 because no such Paragraphs exist, Defendants restate their answers to paragraphs 1-26 inclusive and Paragraph 29 of Count I as if fully stated herein.

7

370378.1

**Allegation No. 30.:**   The Illinois State Board of Education ("ISBE") is the body politic named as the state educational agency under the IDEA and IDEIA, receives federal funding in furtherance of its responsibilities under that statute, and is bound by its requirements.

**ANSWER:**   Defendants admit the allegations of Paragraph 30 of Count II.

**Allegation No. 31.:**   Pursuant to 105 ILCS 5/14-8.02a, ISBE has established and maintained an impartial due process hearing system mandated by 20 U.S.C. 1415, and is responsible for hiring and assigning hearing officers, for acquiring and storing the administrative record of the due process hearing after the hearing officer issues a final decision, and for compiling a certified copy of that record for filing in court in the event of an appeal.

**ANSWER:**   Defendants admit the allegations of Paragraph 31 of Count II.

## (Note:  Paragraph numbering skips from 31 to 33)

**Allegation No. 33. [sic]:**   Pursuant to its statutory obligations, ISBE has, in its possession or control, the administrative record of the due process proceedings between the parties herein, designated as that is attached hereto as Exhibit A.  That record includes, among other things, the parents' due process request, the Hearing Officer's pre-hearing notices and orders, correspondence between the Hearing Officer and attorneys for the parties, the transcript of the three-day hearing, and Motions and documentary evidence submitted by the parties.

**ANSWER:**   Defendants admit the allegations of Paragraph 33 of Count II.

**Allegation No. 34.:**   The IDEA (and state law) provide that the reviewing Court in an appeal from a hearing officer's decision "shall receive the records of the administrative proceedings," 20 U.S.C. 1415(I)(2)(c).

**ANSWER:**   Defendants admit the allegations of Paragraph 34 of Count II.

WHEREFORE, Defendants also request that ISBE compile the administrative record and present it to this Count.

## COUNT III

**Allegation Nos. 1-34.:**   Plaintiffs repeat and reallege paragraphs 1-34 of Count II as and for their paragraphs 1-34 of Count III as if fully set forth herein.

**ANSWER:**   As and for its answers to Paragraphs 1-34 of Count III, excluding Paragraphs 27, 28 and 32 because no such Paragraph exists, Defendants restate their answers to

Paragraphs 1-26 inclusive and Paragraph 29 of Count I and their answers to Paragraphs 30, 31, 33 and 34 of Count II as if fully stated herein.

**Allegation No. 35.:**   Charles P. Fox, attorney in the solo practice of law represented the family in their challenge to defendant-school district's actions.

**ANSWER:**   Defendants admit the allegations of Paragraph 35 of Count III.

**Allegation No. 36.:**   In the due process hearing decision, the IHO ruled in favor of plaintiffs that the child's rights had been violated and he lacked a sufficient IEP for the first part of the 2007-2008 school year and ordered the parents to be reimbursed for $8,000 among other remedies.

**ANSWER:**   Defendants admit that the hearing officer ordered the parents to be reimbursed for $8,000 and that the School District "did not offer the IEP that it was legally required to."  Defendants deny the remaining allegations of Paragraph 36.  In further answer to said Paragraph Defendants state  that said relief was <u>de minimus</u>.

**Allegation No. 37.:**   In light of this result, plaintiffs substantially prevailed in the proceedings under IDEIA sufficient to be awarded fees.

**ANSWER:**   Defendants deny the allegations of Paragraph 37 of Count III.

**Allegation No. 38.:**   In the course of representation through preparation for hearing, prehearing litigation, 3 days of hearing, attending an ordered IEP meeting and post-due process litigation [and more hours are anticipated to be expended] Charles P. Fox, as attorney for the plaintiffs expended the following hours on the case against defendant to-wit 112.75 hours and various costs [see itemized bill current as of January 20, 2008].

**ANSWER:**   Defendants admit the allegations of Paragraph 38 of Count III except they have no knowledge if attorney Fox spent 112.75 hours and various costs on this matter and therefore deny same.

**Allegation No. 39.:**   Charles P. Fox has spent and will spend additional time litigating this action since January 20, 2008 including but limited to the preparation of this pleading.

**ANSWER:**   Defendants admit the allegations of Paragraph 39 of Count III.

9

**Allegation No. 40.:** In light of the experience and qualifications of Charles P. Fox, a reasonable hourly rate for his services is $275.00 per hour.

**ANSWER:** Defendants deny the allegations of Paragraph 40 of Count III.

**Allegation No. 41.:** The total reasonable fees and costs incurred to date is $27,282.25 (See itemized time sheets attached to this complaint).

**ANSWER:** Defendants deny the allegations of Paragraph 41 of Count III.

**Allegation No. 42.:** The attorneys fees in this action should be payable to the Law Office of Charles P. Fox..

**ANSWER:** Defendants admit that if attorney's fees are awarded in this case such fees should be payable to the Law Offices of Charles P. Fox.

**Allegation No. 43.:** On or about January 20, 2008, demand was made for fees pursuant to local court rules but as of February 19, 2008 no written response has been received from counsel for the defendant, school district.

**ANSWER:** Defendants admit the allegations of Paragraph 43 of Count III.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs on Count III of the Complaint.

## COUNTERCLAIM

Now Come Counter-Plaintiffs, BOARD OF EDUCATION OF GLENBARD TOWNSHIP HIGH SCHOOL DISTRICT NO. 87 ("Glenbard") and MICHAEL MEISSEN, its Superintendent (collectively the "School District"), through their attorneys, Franczek Sullivan P.C., and pursuant to Rule 13 of the Federal Rules of Civil Procedure complain of Counter-Defendants Matt Vassil ("Matt"), individually and by and through his parents Joyce and Anthony Vassil (collectively, the "Parents"), as follows:

## PARTIES

1. Counter-Plaintiff Glenbard is a local school district located in the Northern District of Illinois and Counter-Plaintiff Meissen is its Superintendent of Schools.

2. Matt is a 19 year old student whose parents reside in the School District.

3. Counter-Defendants Joyce and Anthony Vassil are Matt's parents. They are citizens of the United States and residents of the State of Illinois.

4. The Illinois State Board of Education ("ISBE") is the state agency authorized and required to establish a procedure for resolving disputes between students and their parents and local school districts under The Individuals With Disabilities Education Improvement Act, 20 U.S.C. § 1400 et seq. ("IDEIA").

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(e)(2).

6. Venue properly is situated in this Court because the acts complained of occurred in the Northern District of Illinois.

## THE STATUTORY SCHEME

7. The IDEIA, 20 U.S.C. § 1400 et seq., was enacted to provide handicapped children in the United States with a "free appropriate public education."

8. Section 1415 of the IDEIA establishes procedural safeguards with respect to the provision of free appropriate public education by local and state educational agencies. Section 1415(i) of the IDEIA grants a party aggrieved by the findings and decision of a due process hearing the right to appeal the decision to a court of competent jurisdiction.

9. Pursuant to Section 1415(i)(2)(B) of the IDEIA the party appealing said decision has such time to appeal as State law explicitly provides.

10.    In Illinois, the programs and procedures to achieve state compliance with the IDEIA are set forth in Article 14 of the Illinois School Code, 105 ILCS 5/14-1 et seq. Section 14-8.02(k) of the Illinois School Code provides that an aggrieved party may appeal a decision within 120 days of its issuance. 105 ILCS 5/14-8.02(k).

## FACTS

11.    Matt is a 19 year-old special education student with a handicapping condition under IDEIA.

12.    Matt has successfully completed all classes required for graduation from the School District, and has sufficient credit hours to graduate with a regular high school diploma, which was an option offered to the family.

13.    Although the District could have graduated Matt, the School District allowed Matt to continue to attend school for at least another school year to work on his transition goals.

14.    The Parents requested that Matt's IEP team place him residentially in the Professional Assistant Center for Education ("PACE") Program operated by National-Louis University, located in Skokie, Illinois.

15.    Matt's IEP team met on March 5 and March 20, 2007, to consider the Parents' request.

16.    The consensus of Matt's IEP team during this IEP meeting held over 2 days in March of 2007 was that the District's full-time Transition Program was appropriate to meet Matt's needs in the least restrictive environment.

17.    The Transition Program included, among other things, the following components that were based on Matt's expressed interests: (1) a paid job internship; (2) TCD courses such as wood working, electronics, auto mechanics, computers; (3) elective courses such as Cooperative

Work Training; (4) the Transition Condo Program; (5) vocational skills courses at the College of DuPage; (6) participation in a fitness program; and (7) participation in the Lunch Club, a socialization group where students plan and go out to lunch in the community in small groups.

18.     Matt's parents rejected the School District's proposed placement and unilaterally placed Matt at PACE.

18.     On August 2, 2007, Matt's parents filed for a due process hearing, alleging, among other things, that: (1) the School District's March 2007 IEP was not reasonably calculated to confer an educational benefit; and (2) the School District should reimburse the parents for the cost and expenses associated with Matt's private placement at PACE.

## ADMINISTRATIVE PROCEEDINGS

19.     The due process hearing took place on October 2, 2007 before Hearing Officer Julia Dempsey (the "Hearing Officer").

20.     On October 25, 2007, the Hearing Officer issued her decision.  Although she ruled that Matt "does not require placement at PACE," she ordered the School District to reimburse the parents for tuition and fees for the fall portion of the PACE program, or approximately $8,000.

21.     On October 26, 2007 the attorney for Matt's parents requested a clarification of the decision.  A copy of that request is enclosed as Exhibit A.

22.     On November 3, 2007 the Hearing Officer issued her clarification.  A copy of the order is attached as Exhibit B.

23.     The administrative decision should be reversed because:

   a.     The School District's proposed placement in its Transition Program would have provided Matt with an educational benefit that satisfies the requirements of IDEIA;

      b.     The PACE program is an attempt to maximize Matt's educational benefit, a standard not required by IDEIA; and

      c.     The Hearing Officer applied an improper standard regarding whether an IEP has been reasonably calculated to confer an educational benefit.

WHEREFORE, Counter-Plaintiffs Board of Education of Glenbard Township High School District 87 and Michael Meissen requests that this Court:

(A)    Reverse those parts of the administrative order that require the School District to reimburse the Parents $8,000 for the PACE program;

(B)    Find that the School District's proposed placement for Matt satisfies the requirements of IDEIA;

(C)    Reverse those parts of the administrative decision that are inconsistent with these findings; and

(D)    Order any other relief in favor of the School District that the Court deems just and appropriate.

                            GLENBARD TOWNSHIP HIGH SCHOOL
                            DISTRICT 87 AND MICHAEL MEISSEN

                            By:   s/John A. Relias – 02313081
                                      jar@franczek.com

                            John A. Relias – 02313081
                            jar@franczek.com
                            Darcy L. Kriha – 06210325
                            dlk@franczek.com
                            Katie L. Belpedio - 6285731
                            kb@franczek.com
                            FRANCZEK SULLIVAN P.C.
                            300 South Wacker Drive, Suite 3400
                            Chicago, IL 60605
                            (312) 986-0300
                            Dated: February 27, 2008

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that I electronically filed the foregoing **Answer to Complaint and Counterclaim of Glenbard Township High School District 87 and Michael Meissen** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 27th day of February, 2008:

        Charles P. Fox
        Law Offices of Charles P. Fox
        3710 Commercial Avenue, Suite 6
        Northbrook, IL 60062
        cfoxatty@earthlink.net


        By:: s/John A. Relias - 02313081
            jar@franczek.com

        John A. Relias - 02313081
        jar@franczek.com
        Darcy L. Kriha – 06210325
        dlk@franczek.com
        Katie L. Belpedio - 6285731
        kb@franczek.com
        FRANCZEK SULLIVAN P.C.
        300 South Wacker Drive, Suite 3400
        Chicago, IL 60606
        (312) 986-0300