IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Matthew Vassil, individually and by and through His parents, Joyce Vassil and Anthony Vassil,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Glenbard Township High School District #87, And Michael Meissen, sued in his official capacity as Superintendent of the School District, and Dr. Christopher Koch, its Superintendent, sued in his official capacity, and ILLINOIS STATE BOARD OF EDUCATION,<br><br>　　　　Defendants. | Case No. 08 C 1056<br>Judge Kennelly<br>Magistrate Judge Ashman |

## NOTICE OF FILING

To: Ms. Darcy Kriha
Mr. John Relias
Katie Leigh Belpedio
Franczek Sullivan P.C.
300 South Wacker Drive
Room 3400
Chicago, IL 60610

　　　　PLEASE TAKE NOTICE that on April 20, 2008 I filed Plaintiffs'-Counter-Defendants' Answer to Counter Claim in the United State's District Court Clerk's Office for The Northern District of Illinois, Eastern Division in the Federal District Court located at 219 S. Dearborn, Chicago, Illinois.

## CERTIFICATE OF SERVICE

　　　　I, Charles P. Fox, the attorney, electronically served the attached pleading with all attachments to counsel of record using the court's ECF system for service, April 20, 2008 at the address above.

/s/Charles P. Fox
**CHARLES P. FOX**

CHARLES P. FOX- cfoxatty@earthlink.net
Law Offices of Charles P. Fox
3710 Commercial Ave.
Ste 6
Northbrook, IL 60062
847-205-9897/ fax 847-205-9840

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Matthew Vassil, individually and by and through )
His parents, Joyce Vassil and Anthony Vassil, )
)
    Plaintiffs, )
)
)  Case No. 08 C 1056
)  Judge Kennelly
v. )  Magistrate Judge Ashman
)
Glenbard Township High School District #87, )
And Michael Meissen, sued in his official capacity )
as Superintendent of the School District, and )
Dr. Christopher Koch, its Superintendent, sued )
in his official capacity, and )
ILLINOIS STATE BOARD OF EDUCATION, )
)
    Defendants. )

### ANSWER TO COUNTERCLAIM OF GLENBARD TOWNSHIP HIGH SCHOOL DISTRICT 87 AND MICHAEL MEISSEN

NOW COME Counter-Defendants, MATTHEW VASSIL and JOYCE VASSIL AND ANTHONY VASSIL, through their attorney, Charles P. Fox, and answering the allegations of the counter-claim of the counter-plaintiffs, Glenbard Township High School District 87 and Michael Meissen, its Superintendent (Collectively the "School District), states as follows:

### COUNT 1

### PARTIES

**Allegation No. 1.,**    Counter-Plaintiff Glenbard is a local school district located in the Northern District of Illinois and Counter-Plaintiff Meissen is its Superintendent of Schools.

**ANSWER:** Admitted.

**Allegation No. 2.,**    Matt is a 19-year-old student whose parents reside in the School District.

**ANSWER:**  Admitted.

**Allegation No. 3.,**   Counter-Defendants Joyce and Anthony Vassil are Matt's parents. They are citizens of the United States and residents of the State of Illinois.

**ANSWER:** Admitted.

**Allegation No. 4.,**   The Illinois State Board of Education ("ISBE") is the state agency authorized and required to establish a procedure for resolving disputes between students and their parents and local school districts under The Individuals With Disabilities Education Improvement Act, 20 U.S.C. Ao 1400 et seq. ("IDEIA").

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

**Allegation No. 5,**   This Court has jurisdiction pursuant to 28 U.S.C. Ao 1331 and 20 U.S.C. Ao 1415(e)(2).

**ANSWER:** Admitted.

**Allegation No. 6,**   Venue properly is situated in this Court because the acts complained of occurred in the Northern District of Illinois.

**ANSWER:** Admitted.

## THE STATUTORY SCHEME

**Allegation No. 7,**   The IDEIA, 20 U.S.C. Ao 1400 et. seq., was enacted to provide handicapped children in the United States with a "free appropriate public education."

**ANSWER:** Admitted.

**Allegation No. 8,**   Section 1415 of the IDEIA establishes procedural with respect to the provision of free appropriate public education by local and state educational agencies. Section 1415(i) of the IDEIA grants a party aggrieved by the findings and decision of a due process hearing the right to appeal the decision to a court of competent jurisdiction.

**ANSWER:** Admitted.

**Allegation No. 9,**   Pursuant to Section 1415(i)(2)(B) of the IDEIA the party appealing said decision has such time to appeal as State law explicitly provides.

**ANSWER:** Admitted.

**Allegation No. 10,**   In Illinois, the programs and procedures to achieve state compliance with the IDEIA are set forth in Article 14 of the Illinois School Code, 105 ILCS 5/14-1 et seq. Section 14-8.02(k) of the Illinois School Code provides that an aggrieved party may appeal a decision within 120 days of its issuance. 105 ILCS5/14-8.02(k).

**ANSWER:** Admitted.

## FACTS

**Allegation No. 11,**   Matt is a 19-year-old special education student with a handicapping condition under IDEIA.

**ANSWER:** Admitted.

**Allegation No. 12,**   Matt has successfully completed all classes required for graduation from the School District, and has sufficient credit hours to graduate with a regular high school diploma, which was an option offered to the family.

**ANSWER:** Admitted, but stating affirmatively that the IEP team determined that it was appropriate for him not to graduate and to continue to receive services which is his right under IDEIA.

**Allegation No. 13,**   Although the District could have graduated Matt, the School District allowed Matt to continue to attend school for at least another school year to work on his transition goals.

**ANSWER:** Denied and stating affirmatively that the IEP team determined that it was appropriate for him not to graduate and to continue to receive services which is his right under IDEIA.

**Allegation No. 14,**   The Parent's requested that Matt's IEP team place him residentially in the Professional Assistant Center for Education (PACE) operated by National-Louis University, located in Skokie, Illinois.

**ANSWER:** Admitted.

**Allegation No. 15,**   Matt's IEP team met on March 5 and March 20, 2007, to consider the Parents' request.

**ANSWER:** Admitted.

**Allegation No. 16,**    The Consensus of Matt's IEP team during this meeting held over 2 days in March of 2007 was that the District's full-time transition program was appropriate to meet Matt's needs in the least restrictive environment.

**ANSWER:** Denied.

**Allegation No. 17,**    The Transition Program included, among other things, the following components that were based on Matt's expressed interests: (1) a paid job internship; (2) TCD courses such as wood working, electronics, auto mechanics, computers; (3) elective courses such as Cooperative Work Training; (4) the Transition Condo Program; (5) vocational skills courses at the College of DuPage; (6) participation in a fitness program; and (7) participation in the Lunch Club, a socialization group where students plan and go out to lunch in the community in small groups.

**ANSWER** Denied stating affirmatively that none of these details were listed in his IEP and his transition program for the 2007-2008 was wholly undetermined at the meetings March 2007.

**Allegation No. 18,**    Matt's parents rejected the School District's proposed placement and unilaterally placed Matt at PACE.

**ANSWER:** Denied stating affirmatively that the School District did not offer a transition program for the 2007-2008 at the meetings in March 2007 but admit that they unilaterally placed Matt at PACE.

**Allegation No. 18 (mislabeled as a second 18),**    On August 2, 2007, Matt's parents filed for a due process hearing, alleging, among other things, that: (1) the School District's March 2007 IEP was not reasonably calculated to confer an educational benefit; and (2) the School District should reimburse the parents for the cost and expenses associated with Matt's private placement at PACE.

**ANSWER:** Admitted but state affirmatively that the due process stated more than is alleged in this paragraph.

## ADMINISTRATIVE PROCEEDINGS

**Allegation No. 19,**    The due process hearing took place on October 2, 2007 before Hearing Officer Julia Dempsey (the "Hearing Officer").

**ANSWER:**    Admitted stating affirmatively that the due process took place on October 2, 2007 and subsequent days.

**Allegation No. 20,**   On October 25, 2007, the Haring Officer issued her decision. Although she ruled that Matt "does not require placement at PACE," she ordered the School District to reimburse the parents for tuition and fees for the fall portion of the PACE program, or approximately $8000.

**ANSWER:** Admitted, but stating affirmatively that her order consisted of more that is contained in this allegation and the order is attached to complaint in its entirety.

**Allegation No. 21,**   On October 26, 2007 the attorney for Matt's parents requested a clarification of the decision.  A copy of that request is enclosed as Exhibit A.

**ANSWER:** Admitted.

**Allegation No. 22,**   On November 3, 2007 the Hearing Officer issued her clarification. A copy of the order is attached as Exhibit B.

**ANSWER:** Admitted.

**Allegation No. 23**   The Administrative decision should be reversed because:
a. The School District's proposed placement in its Transition Program would have provided Matt with an educational benefit that satisfies the requirements of IDEIA
b. The PACE program is an attempt to maximize Matt's educational benefit, a standard not required by IDEIA; and
c. The Hearing Officer applied an improper standard regarding whether an IEP has been reasonably calculated to confer an educational benefit.

**ANSWER:** Denied.



WHEREFORE, Counter-Defendants, Matthew Vassil, individually and by and through his parents, Joyce Vassil and Anthony Vassil, requests that this Court:
(A) Affirm those parts of the administrative order that require the School District to reimburse the Parents $8,000 for the PACE program;
(B) Deny all other relief prayed for in the counter-claim;
(C) Order any other relief in favor of the School District that the Court deems just and appropriate.

Matthew Vassil, Joyce Vassil and Tony Vassil

By:  s/Charles P. Fox
     cfoxatty@earthlink.net
Dated: April 20, 2008

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that I electronically filed the foregoing **Answer to Counter-Claim of Glenbard Township High School District 87 and Michael Meissen** with the clerk of the Court using the SM/ECF system which will send notification of such filing to the following on this 20th day of April, 2008:

    Ms. Darcy Kriha
    Mr. John Relias
    Ms. Katie Leigh Belpedio
    Franczek Sullivan P.C.
    300 South Wacker Drive
    Room 3400
    Chicago, IL 60610

By:  s/Charles P. Fox
     cfoxatty@earthlink.net
     Law Offices of Charles P. Fox #6193023
     3710 Commercial Ave. Suite 6
     Northbrook, IL 60062
     (847)205-9840